1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8  | NATIONAL LABOR RELATIONS BOARD,

9  |          Petitioner(s),

10 | v.

11 | RED ROCK RESORTS, INC., et al.,

12 |          Respondent(s).

Case No. 2:21-cv-01986-RFB-NJK

**ORDER**

[Docket Nos. 1, 5]

13    Pending before the Court is a petition to enforce administrative subpoenas. Docket No. 1.

14  On December 20, 2021, the Court issued an order to show cause. Docket No. 8. The parties have

15  since briefed the matter. Docket Nos. 9, 27, 29.[1] The petition is properly resolved without a

16  hearing. *See* Local Rule 78-1. For the reasons discussed below, the petition is **DENIED** without

17  prejudice.

18    The inquiry in an agency subpoena enforcement proceeding is narrow. *N.L.R.B. v. N. Bay*

19  *Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996). That inquiry is guided by a burden-shifting

20  analysis. The party seeking enforcement bears the initial burden of showing that (1) Congress

21  granted the authority to investigate; (2) the procedural requirements have been followed; and (3)

22  the evidence is relevant and material to the investigation. *Id.* If the party seeking enforcement

23  establishes these requirements, then the burden shifts to the subpoenaed party to establish the

24  inquiry is unreasonable because it is overbroad or unduly burdensome. *Id.*

25    The Court agrees with Respondents that the petition in this case fails to meet the initial

26  burden of showing that the evidence is relevant and material to the investigation. *See, e.g.*, Docket

27

28

[1] Also pending before the Court is a motion to "amend," which seeks to replace exhibits for which images were distorted. Docket No. 5. That motion to amend is **GRANTED**.

1

No. 29 at 9.[2]   The petition seeks enforcement of 13 subpoenas, each of which is more than 100

pages in length and includes 317 document requests with more than 1,000 subparts.  *See, e.g.*,

Docket No. 11 at 4-107 (subpoena to custodian of records for Station GVR Acquisition, LLC).

The petition states in generalized terms that:

> the Subpoenas target relevant material which is supported by
> Respondents' underlying petition to revoke (App. Exh. 8), CGC's
> opposition to the petition to revoke (App. Exh. 9), and the ALJ's
> ruling denying Respondents' petition to revoke, in which the ALJ
> found, *inter alia*, that the subpoena requests "are clearly tied to the
> complaint." App. Exh. 10 at 6-8.

Docket No. 1 at 20.  The reply further indicates in generalized terms that:

> The Board met this burden by submitting the underlying pleadings
> (ECF No. 1-3, AX 1- 2; ECF No. 1-4, AX 3-4), a copy of the
> identical subpoena attachment that contains the specific requests
> sent to the 13 separate entities (ECF No. 1-4, AX. 6), Respondent's
> Petition to Partially Revoke the Subpoenas (ECF No. 1-5, AX 8);
> CGC's Opposition to Respondent's Petition to Revoke (ECF No. 1-
> 5, AX 9), and the ALJ's Order Denying Respondent's Petition to
> Revoke (ECF No. 1-5, AX 10).

Docket No. 27 at 7; *see also id.* at 7-8 (referring to the fact that the subpoena references paragraphs

in the complaint).  Hence, the petition does not include any discussion as to how any particular

request relates to the matters being investigated.  The petition has also not explained in meaningful

fashion that a Court may make a relevance determination in an omnibus fashion without analyzing

the particular requests at issue.[3]  The petition does not include any legal authority or meaningful

---

[2] Without meaningful elaboration, the Board states in reply that Respondents waived a
relevance objection by not raising it in the underlying proceeding.  Docket No. 27 at 9.  As the
Board notes elsewhere, however, Respondents did raise a relevance objection to the ALJ and the
Board relies on the ALJ's finding of relevance below.  *See, e.g.*, Docket No. 1 at 20.  At any rate,
the Court declines to address the Board's waiver argument since it was not meaningfully
developed.  *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

[3] Some courts within the Ninth Circuit have provided painstaking detail in their analysis.
*See, e.g.*, *N.L.R.B. v. Vista Del Sol Health Servs., Inc.*, 40 F. Supp. 3d 1238, 1258-64 (C.D. Cal.
2014) (analyzing in detail the specific information requested in various subpoenas, whether
sufficient documents were produced in response to requests, and whether each of the outstanding
requests were relevant).  Other courts have provided less detail, but still make clear that the
requests were considered in individual fashion. *See, e.g.*, *N.L.R.B. v. Fresh & Easy Neighborhood
Market, Inc.*, 2012 WL 12920616, at *2 (C.D. Cal. Apr. 4, 2012) ("The Court agrees with the
Union that the requests made in paragraphs one and nineteen of the subpoena are relevant because

1  discussion that the agency's burden is satisfied by simply nodding to the record and asserting that

2  relevance exists.  Moreover, the petition does not provide any legal authority or meaningful

3  discussion that the Court may defer to an ALJ's determination of relevance.[4]  As a result, the

4  petition does not satisfy the initial burden of showing relevance.

5       Accordingly, the petition to enforce administrative subpoenas is **DENIED** without

6  prejudice.[5]  Counsel should promptly confer as to whether further motion practice is appropriate

7  and, if so, a schedule for presenting that motion practice.

8       IT IS SO ORDERED.

9       Dated: February 28, 2022

10
                                                    _____
11                                                  Nancy J. Koppe
                                                    United States Magistrate Judge
12

13

14

15

16

17

18

19

_____

20  they address Respondent's defenses that the disputed signs are a business necessity, and that
    common sense reading of the signs shows that the signs do not apply to employees").
21

        [4] To the extent an ALJ's ruling on that matter is entitled to any deference, no discussion
22  has been advanced as to the standard of review.

23      [5] The Court focuses herein on the threshold issue of relevance.  The Court notes a broader
    concern that the briefing is not sufficiently specific to enable the fashioning of an order.  The Court
24  generally requires argument specific to each request in dispute.  *See, e.g.*, *Wynn v. Bloom*, 2021
    U.S. Dist. Lexis 211605, at *1-2 (D. Nev. Nov. 1, 2021).  To the extent relief is warranted, any
25  resulting order would specify the deficiency found and provide specific instructions on rectifying
    that deficiency.  *Cf. Balla v. Id. State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) (civil
26  contempt for disobedience of an order is appropriate only when the order is both "specific and
    definite").  In this case, both sides rely on generalized argument and the Board seeks a vague order
27  requiring Respondents to "produce all documents responsive" to the subpoenas.  Docket No. 1 at
    9.  In conferring about the potential for further motion practice, counsel should consider carefully
28  how they can craft arguments that enable the issuance of an order that is specific and definite.