UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br>          Petitioner(s),<br>v.<br>RED ROCK RESORTS, INC., et al.,<br>          Respondent(s). | Case No. 2:21-cv-01986-RFB-NJK<br><br>**ORDER**<br><br>[Docket Nos. 38, 44] |

Pending before the Court is Petitioner's renewed motion to enforce subpoenas, Docket No. 38, as well as Petitioner's motion to supplement, Docket No. 44. Those motions have been briefed. Docket Nos. 41, 43, 45, 46. For the reasons discussed below, the renewed motion to enforce is **DENIED** without prejudice and the motion to supplement is **DENIED** as moot.

The motion practice suffers from numerous deficiencies. First, the local rules establish page limits for motion practice. Local Rule 7-3(b). To the extent more pages are need, a proper request must be filed before the brief is due. Local Rule 7-3(c). All of the substantive briefing before the Court violates the page limits. The renewed motion to enforce is 34 pages in length when the motion and supporting memorandum are both considered. *See* Docket No. 38; *see also* Local Rule 7-2(a) ("The motion and supporting memorandum of points and authorities must be combined into a single document that complies with the page limits in LR 7-3"). The response on its face appears to comply with the page limits, but it also purports to incorporate by reference pages of additional arguments made elsewhere that collectively puts the filing over the page limits. *See* Docket No. 41 at 4 n.2; *see also Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021) (courts may guard against efforts to circumvent page limits by incorporating arguments by reference).[1] The reply brief is over-length on its face by one page,

---

[1] In addition to the page limit issue, incorporating arguments by reference creates a confusing presentation of the arguments. *Id.*

1

plus it purports to incorporate by reference 11 pages of additional briefing elsewhere on the docket. *See* Docket No. 43 at 2 n.1. As discussed more fully below, the Court requires the parties to provide fulsome argument on their positions. To the extent the parties require additional pages to do so, they must file an appropriate request before their respective deadlines. Moreover, the Court will not entertain arguments incorporated by reference in this matter.

Second, notwithstanding the page limits violations, the briefing continues to be insufficiently developed at times. By way of example, the Board asserts that the documents "sought in Requests 31 and 32 [are] also relevant to the allegations set forth in ¶¶ 6(y) and 6(z) as well as 9(a) and 9(b) of the Complaint," without providing elaboration as to what those particular allegations entail or how they correspond to these two requests. *See* Docket No. 38 at 20. As another example, the reply includes a section of "argument" that consists of a few sentence fragments. *See* Docket No. 43 at 11 (section of reply brief consisting, in its entirety, of the following: "**8. Request Nos. 181-84** Respondent tagged 11 documents. One was responsive; many seem missing. *Id.* at ¶ 14" (emphasis in original)).[2] The parties must provide meaningfully developed argument. The Court declines to use scarce judicial resources to piece together arguments for the parties.[3]

---

[2] This is by no means a problem arising in only the Board's briefing. For example, Respondents regularly allege a "fishing expedition" or "overly broad" requests without elaboration on that position. *But see F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) (requiring the responding party to "enunciate" how the subpoenas constitute an improper "fishing expedition" and rejecting such argument presented without "additional support" for that position).

[3] Given the unelaborated nature of the briefing, the arguments are also at times difficult to follow. For example, Respondents argue that the requests targeting corporate overlap are overly broad given the partial admission to a single enterprise in the NLRB proceedings. *See* Docket No. 38 at 19-20. In reply, the Board says that this "partial admission regarding the relationship between Station Casinos, LLC and its 10 casino properties does not resolve the other issues posed by the Complaint vis-à-vis the relationship(s) between the 10 casino properties themselves, or the relationship(s) between Red Rock Resorts, Inc. and Station Holdco, LLC with Station Casinos, LLC, or any of the 10 properties." Docket No. 43 at 8. The reply does not identify the "other issues posed" and this assertion generally needs to be unpacked so that the Court can understand the argument being made.

Third, the parties have filed sometimes voluminous exhibits in consolidated fashion, *see, e.g.*, Docket No. 42 (appendix providing six exhibits in a single CMECF entry), when the local rules require each exhibit to be docketed as a separate document, *see* Local Rule IC 2-2(a)(3)(A).[4]

Lastly, the Court ordered the parties to provide courtesy copies of voluminous filings in this case, Docket No. 26 at 1 ("for any future filings in this case that exceed 100 pages (including attachments), courtesy copies must be submitted to the undersigned's box in the Clerk's Office within two court days of that filing"), but courtesy copies were not received.

While loathe to leave this matter unresolved on its merits, the Court ultimately concludes that it is not appropriate to issue rulings on this important matter without briefing that complies with counsel's obligations. Accordingly, the renewed motion to enforce is **DENIED** without prejudice and the motion to supplement is **DENIED** as moot. Counsel must promptly confer on briefing length and schedule so that this matter can be appropriate resolved on its merits.[5] A joint statement on those issues must be filed by November 18, 2022. This will be the final opportunity to provide sufficient argument.

IT IS SO ORDERED.

Dated: November 8, 2022

                                                              Nancy J. Koppe
                                                              United States Magistrate Judge

---

[4] The Court recognizes the existence of some confusion from the bar on this particular rule. For clarity in this case moving forward, the six exhibits at Docket No. 42 were filed in conjunction with Docket No. 41 and should have been filed as Docket No. 41-1, Docket No. 41-2, Docket No. 41-3, Docket No. 41-4, Docket No. 41-5, and Docket No. 41-6.

[5] The Court does not attempt to catalogue all of the deficiencies in the current briefing and there are others. *See, e.g.*, Docket No. 46 at 2-3 (reply brief seeking relief in the form of striking); *but see* Local Rule IC 2-2(b) (requiring a separate document be filed when seeking different relief). The Court expects all future filings to conform strictly to the local rules (and the Court's orders) regardless of whether the particular requirement is discussed herein.